# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-631V
**Filed: September 21, 2015**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | UNPUBLISHED |
| DOUGLAS ORTON, as personal | * | |
| representative of the Estate of WALTER J. | * | |
| ORTON, III, | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | Joint Stipulation; |
| v. | * | Attorneys' Fees and Costs; |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

Diana Stadelnikas Sedar, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.
Gordon E. Shemin, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 30, 2013, Douglas Orton ("petitioner") filed a petition as a personal representative of the Estate of Walter J. Orton, III, pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on October 3, 2011, Mr. Orton III developed Guillain-Barré Syndrome ("GBS"). Petition at ¶ 4. On February 23, 2015, the undersigned issued a decision

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

denying compensation to petitioner because petitioner failed to meet his burden of proof. See Decision, docket no. 27, filed Feb. 23, 2015.

On September 18, 2015, the parties filed a stipulation concerning attorneys' fees and costs. Petitioner requests a total award of attorneys' fees and costs in the amount of $21,000.00. Stip. for Fees and Costs ¶ 5. Respondent does not object. Id. at ¶ 3. In accordance with General Order #9, petitioner represents that he incurred costs in pursuit of this claim in the amount of $8,000.00. Id. at ¶ 4; see also Declaration, docket no. 31, filed Sep. 18, 2015.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of the parties' stipulation, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

**(1) in the form of a check jointly payable to petitioner and to petitioner's attorney, Diana Stadelnikas Sedar, of Maglio Christopher & Toale, in the amount of $21,000.00; and**

**(2) in the form of a check payable to petitioner, Douglas Orton, only, in the amount of $8,000.00.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the cour**t SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

s/ Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.